UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DONALD P. HANEY,               )
                                        )
               Plaintiff,        )
                                          )
               v.                 )      No. 1:20-cv-01858-RLY-DLP
                                          )
ROSA M. McCLURE,            )
AXIS SOLUTIONS, INC.,      )
                                        )
               Defendants.     )

## ORDER

This matter comes before the Court on Defendants' Motion to Set Aside Default and to File an Answer Out-of-Time, Dkt. [17], filed pursuant to Federal Rule of Civil Procedure 55(c). For the reasons explained below, Defendants' motion is **GRANTED**.

### I.    Background

Plaintiff filed this lawsuit on July 10, 2020, alleging serious and permanent injuries and substantial financial losses resulting from a motor vehicle collision in Plainfield, Indiana. (Dkt. 1). Defendants were served with a copy of the summons and complaint by certified mail on August 12, 2020. (Dkts. 10-11). Nearly one month later, when neither Defendant had appeared or filed a response to the Complaint, Plaintiff filed a Motion for Order of Default on September 11, 2020. (Dkt. 12). Pursuant to Plaintiff's request, the Clerk issued an Entry of Default on September 14, 2020. (Dkt. 14). On October 7, 2020, Attorney Brian Pokrywka filed an Appearance on behalf of Defendants and filed the Corporate Disclosure

Statement on behalf of Defendant Axis Solutions, Inc. (Dkt. 15-16). On October 9,

2020, Defendants filed the present motion to set aside. (Dkt. 17). On October 22,

2020, Plaintiff filed a response, and on October 29, 2020, Defendants filed a reply.

(Dkts. 21, 24). Plaintiff has yet to move for default judgment.

## II.     Legal Standard

"There are two stages in a default proceeding: the establishment of the

default, and the actual entry of a default judgment. Once the default is established,

and thus liability, the plaintiff still must establish his entitlement to the relief he

seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). "In between entry

of default and entry of default judgment, a defaulted party may move to set aside

the entry of default, and Rule 55(c) [of the Federal Rules of Civil Procedure]

provides that the court may grant such a motion 'for good cause.'" *McCarthy v.

Fuller*, No. 1:08-cv-994-WTL-DML, 2009 WL 3617740, at *1 (S.D. Ind. Oct. 29,

2009).

A defaulted party seeking to vacate the entry of default before judgment

demonstrates must show: "(1) good cause for the default; (2) quick action to correct

it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*,

559 F.3d 625, 630-31 (7th Cir. 2009) (citation omitted). Because the Seventh Circuit

favors a trial on the merits over default judgment, this test is applied liberally in

the Rule 55(c) context. *Id.* at 631 (citing *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d

799, 810-11 (7th Cir. 2007) (whether to vacate a default is in the sound discretion of

the district court)). The issues in this case appear to revolve around whether the

Defendants had good cause for the default and whether the Defendants have meritorious defenses to Plaintiff's Complaint.

### III.   Discussion

### a.  *Good Cause for Default*

Under Rule 55(c), a party establishes good cause by showing "it did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence." *Cracco*, 559 F.3d at 631. *See also, McCarthy v. Fuller*, No. 1:08-cv-994-WTL-DML, 2009 WL 3617740 (S.D. Ind. Oct. 29, 2009) (citing *Cracco*, and holding that defendants established good cause where the failure to file a timely answer was not the result of a willful refusal to participate in the litigation, but was due to the negligence of their counsel). While courts must have the sanction of dismissal at their disposal to ensure that a litigant who is vigorously pursuing his case is not hindered by a litigant who is not, courts within the Seventh Circuit have generally set aside an entry of default in the absence of willfulness. *Christiansen v. Adams*, 251 F.R.D. 358, 360 (S.D. Ill. 2008) (citing numerous cases).

Defendants assert that "good cause" exists to set aside the Clerk's Entry of Default and to allow them to file an Answer to the Complaint out-of-time. (Dkts. 17-18). Specifically, the Defendants allege that after they received the paperwork regarding the lawsuit, they submitted the Complaint to their insurance claims adjuster, Curtis Enay, before the 21-day response deadline. (Dkt. 18 at 2). Mr. Enay states in a declaration attached to the motion to vacate that on September 15, 2020, he contacted counsel for Plaintiff and requested an extension of time to file an

answer, while he obtained Indiana counsel to represent the Defendants. (Dkt. 19-1 at 2). This request was denied. (Id). Mr. Enay then assigned the defense of this matter to the law firm of Wolf & Wyman LLP, however, the firm notified Mr. Enay, on September 22, 2020, that they were not licensed to practice in Indiana. (Id. at 3). The next day, on September 23, 2020, Mr. Enay received a referral for Indiana counsel and retained them to defend this action. (Id). The Defendants maintain that they were unable to timely file answers to the Complaint because of the short delay in retaining counsel rather than willfulness. (Dkt. 18 at 5).

In response, the Plaintiff argues that the Defendants willfully failed to respond to numerous communications from his lawyer regarding his case. (Dkt. 21 at 1-3). Moreover, it was not until counsel faxed a copy of the Clerk's Entry of Default to the Defendants did they choose to respond. (Id. at 2). While agreeing that Mr. Enay finally contacted Plaintiff's counsel after months of silence, Plaintiff maintains that Mr. Enay did not request an extension of time to answer the Complaint, but instead called to contest proper service. (Id. at 3-4).

Parties are not free to ignore court-imposed deadlines such as the deadline to answer a complaint, and a litigant who "unilaterally decides to march to the beat of its own drum" does so at its own peril. *Cent. Ill. Carpenters Health & Welfare Tr. Fund v. Con-Tech Carpentry, LLC*, 806 F.3d 935, 937 (7th Cir. 2015) (affirming denial of motion seeking relief from default judgment). Here, however, Defendants assert that good cause exists due to the particular course of events. (Dkt. 18 at 4-5). Specifically, Defendants contend that they submitted the Complaint to their claims

adjuster near the end of the deadline to respond to the Complaint, September 2,

2020; the claims adjuster, on September 15, 2020, requested an extension to answer

out-of-time, which was denied by Plaintiff's counsel; the claims adjuster assigned

the case to a law firm, but was notified on September 22, 2020 that the firm did not

have any attorneys licensed to practice in Indiana; the claims adjuster internally

sought referral for an Indiana attorney; and on September 23, 2020, the claims

adjuster was provided with Defendants' counsel's contact information. (Id).

Defendants also contend that Plaintiff would not be prejudiced if the entry of

default is set aside because the case is still in its infancy. (Id. at 5).

The Plaintiff maintains the Defendants have failed to establish good cause to

set aside the entry of default, and that a showing of willfulness can be construed

from the factual background of the case, particularly given the fact that Defendants

were on notice since June 2020 of the impending litigation. (Dkt. 21 at 3). Plaintiff's

counsel also challenges the assertions that Defendants' claims adjuster made in his

Declaration. (Id).

Here, the Defendants contribute their failure to timely answer the Complaint

to the fact that the claims adjuster failed to timely secure counsel. (Dkt. 18 at 4-5;

Dkt. 19-1 at 3). Upon retaining counsel, the claims adjuster acted swiftly to respond

to the litigation. (Dkts. 18 at 5; 19-1 at 3). While the parties dispute the content of

the September 15, 2020 telephonic conversation between the claims adjuster and

Plaintiff's counsel, the fact remains that there was outreach regarding this case not

long after the response deadline, a fact undermining any inference that Defendants were vigorously hindering litigation.

In this case, the Defendants did not willfully ignore the Plaintiff's Complaint. Rather, they failed to file a timely answer through inadvertence and excusable neglect. Therefore, the Court finds that the Defendants have established good cause for the default.

### b. *Quick Action in Response to the Entry of Default*

Defendants contend that they took quick action to correct the default as less than a month elapsed between the Clerk's Entry of Default and when Defendants' counsel attempted to informally resolve the default without Court intervention. (Dkt. 18 at 5-6). The Plaintiff does not appear to contest this factor. (*See* Dkt. 21).

The "quick action" factor relates to the time elapsing between entry of default and the motion to vacate and varies from case to case depending on the circumstances of the case. *Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 861 (7th Cir. 2016). *See, e.g., Cracco,* 559 F.3d at 631 (finding that defendant acted timely as only eight days passed between the order of default and when defendant moved to have the default order set aside); *Echo/Tenn. Holdings, LLC v. Avidpath, Inc.*, No. 13 C 309, 2014 WL 1698340, at *2 (N.D. Ill. Apr. 29, 2014) (considering the period between the entry of default and the filing of defendants' motion to vacate to determine that defendants took quick action). Here, twenty-five days passed between the entry of default and Defendants' motion to vacate. This amount of time is sufficiently quick. *See, e.g., BuRay Energy Int'l LLC v. Prism Corp.*, No. 3:11-cv-

101-RLY-WGH, 2012 WL 3038512, at *2 (S.D. Ind. July 25, 2012) (holding that 19-day delay by one defendant amounted to quick action and that 48-day delay by the other defendant also amounted to quick action under the circumstances of the case); *Dunn v. GJI, Inc.*, No. 1:16-cv-03276-RLY-MJD, 2017 WL 3328129, at *3 (S.D. Ind. June 28, 2017) (finding 3-month delay sufficiently quick under the circumstances, including a lack of prejudice whatsoever to plaintiff), *adopted by* 2017 WL 3314792 (S.D. Ind. Aug. 3, 2017).

The action that a party takes after notification of the litigation should be what courts use in determining whether a defendant acted quickly. *Trade Well Int'l*, 825 F.3d at 861. On September 15, 2020, the Defendants were notified that the Plaintiff had filed for an entry of default. (Dkt. 19-1). Immediately, the Defendants began to search for counsel, however, for various reasons it took several days to obtain counsel. On September 23, 2020, the Defendants found a law firm willing to take the case. Once the Defendants acquired counsel, it took two weeks for the attorney to make an appearance and to file a motion to vacate the entry of default. In addition, the Plaintiff has not suffered any prejudice by the delay. As of the filing of the present motion, the case was approximately three months old and had not progressed past the Complaint. *See Hamilton v. Ill. Cent. R.R. Co.*, No. 07-0383-DRH, 2008 WL 78784, at *5 (S.D. Ill. 2008) (finding that the defendant acted quickly and caused no prejudice to the plaintiff where it filed its motion to vacate a little over six weeks after the default was entered); *see also, e.g., Tate v. Riverboat Svcs., Inc.*, 305 F. Supp. 2d 916, 921 (N.D. Ind. 2004) (finding that plaintiff would

7

not be prejudiced by vacatur of the default judgment because the case was instituted less than a year ago and had not progressed past the complaint). Because the Defendants took quick action, this factor weighs in favor of vacating the entry of default.

### c. *Meritorious Defense*

A meritorious defense is a defense that "at least raises a serious question regarding the propriety of a default and which is supported by a . . . legal and factual basis." *Standard Ins. Co. v. Cole*, No. 1:04-cv-1207-JDT-TAB, 2005 WL 4882772, at *3 (S.D. Ind. Aug.19, 2005) (quoting *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir.1984) (involving a Rule 60(b) motion).

Defendants argue that they have a meritorious defense regarding Plaintiff's comparative fault and claim for damages. (Dkt. 18 at 6). Specifically, Defendants assert that another tractor-trailer traveling ahead of Plaintiff's "wide load" tractor-trailer was able to avoid Defendants' truck which was attempting to merge into the roadway; and thus questions of why the Plaintiff was not traveling slower, failed to see Defendants' hazard lights as he was merging, and was unable to avoid the accident presents potential issues of comparative fault. (Id). In response, Plaintiff contends that the Crash Report clearly states that Defendant McClure was the primary cause for the collision. (Dkt. 21 at 7-8). In reply, Defendants argue that the statements in the Crash Report are inadmissible hearsay not dispositive of their meritorious defense. (Dkt. 24 at 4-5).

Under Indiana law, damages may be awarded if a plaintiff proves that a defendant is at fault for an injury. "The [Indiana Comparative Fault] Act [however] allocates fault proportionally, 'ensuring that each person whose fault contributed to cause injury bears his or her proportionate share of the total fault contributing to the injury.'" *Webber v. Butner*, 923 F.3d 479, 483 (7th Cir. 2019). The Defendants' meritorious defense is that the Plaintiff's conduct potentially may have caused or contributed to the vehicular accident.

The Court finds, given the lenient standards of Rule 55(c), that the Defendants have set forth a potentially meritorious defense by notifying this Court and the Plaintiff of the nature of its defense and providing a factual basis for that defense. *Cracco*, 559 F.3d at 631 (7th Cir. 2009) (finding the defendant had made a sufficient showing of a meritorious defense when it notified plaintiff and the court of the nature of its defense and provided the factual basis for that defense). The merits of this case should be reached.

## IV.    Conclusion

For those reasons stated above, the Court in its discretion **GRANTS** Defendants' Motion to Set Aside Default and to File an Answer Out-of-Time, Dkt. [17]. Accordingly, the Defendants shall file their Answer to Plaintiff's Complaint within seven (7) days of this Order.

So ORDERED.

Date: 1/29/2021

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

9

Distribution:

All ECF-registered counsel of record via email